ANTHONY E. IMBESI, PLAINTIFF, v. EASTERN MOTOR COMPANY, DEFENDANT.

Argued October 4, 1927—Decided January 18, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff, *Charles K. Landis, Jr.*

For the defendant, *Cole & Cole.*

The opinion of the court was delivered by

PARKER, J.   The plaintiff contracted to buy from the defendant a motor car by contract of conditional sale.   The defendant, acting upon the theory that plaintiff had broken the contract, reclaimed the car, wrongfully, as claimed by the plaintiff, who then brought this action in replevin, but in pursuance of the statute of 1890 (*Comp. Stat, p.* 4376, *pl.* 33), did not give a bond and actually replevy the car through the sheriff, but left the property in the possession of the defendant.   The case then went through a course of pleading and finally came on for trial, by which time the defendant had resold the car, plaintiff being aware of this fact at the time of trial.   Notwithstanding this fact, the trial judge directed a verdict for the plaintiff for the possession of the car and six cents damages, and judgment was entered accordingly.   As the car had already been sold by the defendant, it naturally was not delivered to the plaintiff in satisfaction of the judgment; and failing to receive it the plaintiff then took out a rule of court, apparently, under section 26 of the Replevin act, requiring that the defendant deliver the car to the plaintiff.   This rule was not obeyed for the reason above stated, whereupon the plaintiff applied to a justice of this court and obtained the present rule requiring the defendant to show cause why it should not be adjudged in contempt for failing to deliver up the motor car as required by the previous rule.

We are aware of no reported case in which a party has been held in contempt, even under section 26, which contains a clause to the effect that the court may enforce the performance of an order for restoration of the property by a

writ in the nature of a writ of restitution or by an attachment as for contempt. *Comp. Stat., p.* 4375. Be this as it may, this case does not come within the provisions of section 26, for a careful reading of that section will demonstrate that it relates only to cases in which the property in question has been delivered by the sheriff or coroner to the party against whom the issue of property shall be found. There was no such delivery; in fact, there was no delivery at all. The car had been seized by the defendant before the suit was begun, and the defendant continued to hold it after the suit was begun for the simple reason that the plaintiff chose to proceed under the act of 1890 and not require a caption of the car as incidental to his writ of replevin. Hence, it is clear, as already stated, that the case is not within the provisions of section 26.

When we come to examine *placitum* 33, we find it provides that the court may direct, not the party, but the officer to take possession and deliver the property. The case shows no such direction to the officer, either by writ *de retorno habendo* or analogous procedure; all that it shows is some correspondence between the attorneys. If there had been such a writ, in fact, issued, the sheriff would necessarily return that he could not find the property in his county. In the absence of any express statutory provision (and we know of none) that the party left in possession under the act of 1890 shall safely keep the property and be ready to render it in specie when so required, we are of opinion that under that act such party is liable, in case of conversion, only in damages for the value of the property, with interest from the time of taking, as in trover, and costs. The cases cited in the briefs do not seem to be applicable to this situation, and need not be further noticed.

The plaintiff is entitled to a rule modifying the judgment entered in this case so that it shall be a money judgment against the defendant for the sum of $1,250, being the stipulated value of the property, together with interest from the date of conversion thereof by the defendant, besides costs. So far as relates to the present proceeding in contempt, the rule to show cause will be discharged, but without costs.